UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X   Docket No.: _____/2017

VINCENT POTTER

**<u>COMPLAINT</u>**

                Plaintiff,

      -against-

US DEPARTMENT OF HEALTH AND HUMAN SERVICES,
and THE UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------------------------X

Plaintiff Vincent Potter ("Plaintiff"), by his attorneys, Vandamme Law Firm, P.C., as and for his Verified Complaint against defendants U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES and THE UNITED STATES OF AMERICA, ("collectively "Defendants") alleges as follows:

## PARTIES

1. Plaintiff Vincent Potter is a 54-year old man who resides in New York County.

2. Defendants, US DEPARTMENT OF HEALTH AND HUMAN SERVICES and THE UNITED STATES OF AMERICA, operate Callen-Lorde Community Health Center ("Callen-Lorde"), a Federally supported health center, located at 356 West 18th Street, New York, NY 10011.

3. Defendants, through Callen-Lorde, are in the business of providing medical care to the public. The defendants, through Callen-Lorde, held out to the general public that they were medically competent and skillful to provide medical treatment. The defendants, through Callen-Lorde, required to provide medical treatment that was in accordance with the approved and accepted medical standards and practices.

## JURISDICTION

4. The Federal Torts Claims Act requires that any medical malpractice action against a federally-deemed health center be commenced in a US District Court. On November 23, 2016, the plaintiff complied with the FTCA requirements by serving a Notice of Claim on the US Department of Health and Human Services and the United States of America in Washington, D.C.  Since the US Department of Health and Human Services and the United States of America failed to respond to the allegations set forth in the Notice of Claim and more than six (6) months have passed since the Notice of Claim was served, the plaintiff was compelled to commence the within lawsuit against the Defendants. As such, this Court has subject matter jurisdiction over this matter. Since the plaintiff resides in the Southern District and the alleged medical malpractice took place in the Southern District, this Court also has personal jurisdiction over this matter.

## FACTS

5. In or about the year 2009, plaintiff VINCENT POTTER became a patient of the defendant and started treating at Callen-Lorde.

6. On or about March 4, 2011, the Plaintiff saw Dr. Linetskaya at Callen-Lorde regarding insomnia caused by anxiety. Dr. Lineyskaya prescribed Trazodone for Plaintiff's insomnia.

7. On September 23, 2011, Plaintiff followed up with Dr. Linetskaya who advised the Plaintiff to continue Trazodone for his insomnia.

8. Plaintiff took the Trazodone as prescribed by Dr. Linetskaya at Callen-Lorde. While taking Trazodone, Plaintiff experienced nightmares, sleep problems, hallucinations, confusion, parainsomnia and night terrors.

9. On or about October 12, 2011, after taking Trazodone, the Plaintiff experienced a nightmare that caused him to walk from his bed and into a wall with such force he suffered a large gash to his forehead that required approximately 20 stitches to close.

10. On November 3, 2011, the Plaintiff followed up with Dr. Linetskaya and advised her of the nightmare and injury he experienced. Plaintiff told Dr. Linetskaya that he believed that the nightmare he experienced was an adverse reaction and side effect of taking Trazodone. Dr. Linetskaya noted in her record that Plaintiff "worries that night terrors caused by med…." Dr. Linetskaya referred the Plaintiff to Dr. Toviah Narva at Callen-Lorde for a psychiatric evaluation for the management of anxiety.

11. Following the October 12, 2011 accident, Plaintiff ceased taking Trazodone.

12. On January 9, 2012, Plaintiff saw Toviah Narva at Callen-Lorde for a psychiatric evaluation and management of his medications. Dr. Narva noted regarding Plaintiff: "has been using trazodone for 15 yrs has night terrors and nightmares. 10/11 had night terror and smashed head into wall. wants to try treating anxiety, not just insomnia. Thinks trazodone is causing night terrors. Now takes ambien, not trazodone." She further notes: "no night terrors since stopped trazodone." Dr. Narva prescribed hydroxyzine to use as alternate to Ambien and advised follow-up in 4 to 6 weeks.

13. During treatment with Toviah Narva, Toviah Narva indicated that she was not sure whether the night terrors or sleep problems were caused by Trazodone and expressed

doubt that nightmares and sleep problems could be caused by Trazodone. Toviah Narva expressed doubts that Trazodone was responsible for Plaintiff's sleep disturbances even though sleep problems, nightmares, hallucinations, confusion, delirium and agitation are some of the known side effects of Trazodone.

14. After expressing doubts as to the connection between Trazodone and the Plaintiff's nightmares, Toviah Narva advised Plaintiff that he may resume taking Trazodone and refilled his prescription for Trazodone. Under Toviah Narva's care and supervision Plaintiff took various medications, often alternating them from night to night, including Trazodone and Ambien to treat Plaintiff's insomnia.

15. Toviah Narva did not warn the Plaintiff about the potential side effects of these medications or of the potential interactions of these medications. Toviah Narva continued to refill Plaintiff's prescriptions for his medications including Trazodone and Ambien.

16. After having taken the Trazodone prescribed by Toviah Narva at bedtime, at about 2:30am on September 8, 2015, Plaintiff awoke on the floor of his apartment with his neck twisted in an odd position and unable to move his arms and legs. Prior to waking on the floor, a nightmare had caused Plaintiff to walk into the wall of his apartment with such great force while he was sleeping that his head had made a hole into the wall of plaintiff's apartment.

17. When the pain, weakness and numbness would not subside, Plaintiff presented to the Emergency Room of New York Presbyterian Hospital at around 9:00 a.m. on September 8, 2015. Upon triage the hospital noted regarding the plaintiff: "*States that he fell earlier today @ home after waking up from nightmare, has abrasions to nose and right eyebrow.*

*Complains of parasthesia to upper extremities.*" It was further noted that Plaintiff was on Trazodone 50 mg which he had taken orally once a day at bedtime for insomnia.

18. At New York Presbyterian Hospital, Plaintiff was diagnosed with injuries to his neck, spine, and spinal cord including cervical canal stenosis with spinal cord impingement.

19. The serious injuries sustained by the Plaintiff required surgery.

20. On September 16, 2015, Plaintiff underwent corpectomy, discectomy and fusion procedures at New York Presbyterian to alleviate the damage sustained on September 8, 2015 and decompress Plaintiff's spinal cord.

21. Since the Plaintiff's September 8, 2015 adverse reaction to Trazodone, Plaintiff has experienced pain, weakness and numbness. Plaintiff's injuries are permanent and will require life long medical care. Plaintiff's injuries have impacted his ability to use his arms and hands and his ability to work.

22. Plaintiff continued to treat at Callen-Lorde though no longer sees Toviah Narva.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CALLEN-LORDE COMMUNITY HEALTH CENTER FOR MEDICAL MALPRACTICE

23. The plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 22 as if fully set forth herein.

24. From about 2009 to date, plaintiff received treatment from Callen-Lorde.

25. Defendants owed the plaintiff a duty to provide competent medical care.

26. Defendants failed to provide competent medical care to plaintiff, negligently re-prescribed medication after plaintiff suffered an adverse reaction, prescribed medications which if taken together or on a rotating basis cause adverse reactions and side effects,

failed to timely and properly diagnose the plaintiff's condition, failed to timely and properly treat the defendant's condition, failed to properly and timely apprise the Plaintiff of the consequence of his condition, and failed to timely and properly refer Plaintiff to the proper medical provider for further treatment.

27. Defendants were negligent in its treatment of plaintiff.

28. As a result of defendants' negligence, plaintiff sustained severe and debilitating injuries, including, but not limited to, injuries to his neck, spine, extremities and nerves.

29. Plaintiff's injuries were caused solely by the negligence, gross negligence, professional negligence, and recklessness of defendant.

30. Plaintiff was not contributorily negligent.

31. Defendants' treatment of plaintiff deviated from the accepted medical, hospital, and nursing practices and standards in the community customarily employed by health care providers under similar circumstances.

32. Defendants failed to follow accepted medical practices, including but not limited to: failure to properly examine plaintiff, failure to heed plaintiff's complaints of adverse reaction to prescription medication, failure to take and record plaintiff's proper history, failure to undertake an appropriate physical examination; failure to order proper diagnostic tests; failure to properly interpret results of diagnostic tests; administering and prescribing medications that were contraindicated; prescribing medications concurrently which produce adverse reactions and side effects if taken together or on a rotating basis; failure to keep medical and hospital records in accordance with accepted medical practices; failure to properly and accurately administer medications; failure to refer

33.     plaintiff to the proper medical provider or specialist; violation of applicable procedures, failure to administer proper tests; and failure to provide sufficient personnel.

33.     Defendants' negligence rendered the plaintiff injured caused him to experience severe pain and suffering.

34.     Consequently, plaintiff is entitled to recover damages in an amount to be determined by the trier of fact. The amount of damages sought in this action exceeds the jurisdictional limits of all courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS FOR LACK OF INFORMED CONSENT

35.     The plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 34 as if fully set forth herein.

36.     Defendants failed to inform the plaintiff of the risks, hazards, and alternatives connected with the treatment and procedures rendered, including the treatment with prescription medications, so that an informed consent could not be given.

37.     A reasonably prudent person in the plaintiff's position would not have undergone the treatment rendered and procedures performed and would not have taken the medication prescribed if he had been fully informed of the risks, hazards and alternatives connected with the treatment rendered and procedures performed.

38.     Defendants' failure to adequately and fully inform the plaintiff of the risks, hazards, and alternatives to the treatment rendered was the proximate of the plaintiff injuries.

39.     As such, there was no informed consent.

40. Consequently, plaintiff is entitled to recover damages in an amount to be determined by the trier of fact, but not less than $3,600,000.00 on the first cause of action. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CALLEN-LORDE COMMUNITY HEALTH CENTER FOR LACK OF SUPERVISION

41. The plaintiff repeats and re-alleges all allegations contained in paragraphs 1 to 40 as if fully set forth herein.

42. Defendants failed to investigate the qualifications and capabilities its doctors, residents, nurses, and other employees, including but not limited to obtaining the following information: Patient grievances, qualifications, training, negative health care outcomes, injuries to patients, medical malpractice actions commenced against said persons, and professional misconduct.

43. Defendants failed to make sufficient inquiry of the physicians, nurses, and employees who treated Plaintiff.

44. Defendants failed to supervise the treatment of Plaintiff.

45. As a result of the Defendants' failure to properly supervise, Plaintiff sustained permanent injuries.

46. Consequently, Plaintiff is entitled to recover damages in an amount to be determined by the trier of fact, but not less than $600,000.00 on the second cause of action. The amount of damages sought in this action exceeds the jurisdictional limits of all courts.

**WHEREFORE**, the plaintiff demands judgment in the amount of $4,200,000.00 against defendants in the amount and for relief requested herein, including costs, disbursements, and attorney's fees to the extent permitted by law.

Dated: New York, New York
       June 2, 2017

                                              Yours, etc.,

                                              VANDAMME LAW FIRM, P.C.

                                              /s/ _____
                                              Hendrick Vandamme, Esq.
                                              Hollis Vandamme, Esq.
                                              46 Trinity Place, 3rd Floor
                                              New York, New York 10006
                                              212-851-6916

## **CERTIFICATE OF MERIT**

Pursuant to CPLR 3012-a, Hollis Vandamme, one of the attorneys for the plaintiff in this action, duly admitted to practice in the courts of the State of New York, certifies that she has reviewed the facts of this case and has consulted with at least one duly licensed physician in this state or any other state who is reasonably knowledgeable about the relevant issues regarding this action.  Based on her communication with at least one physician, she reasonably believes that there is at least one basis for commencement of this action.

Dated: New York, New York
       June 2, 2017

                                                           /s/Hollis Vandamme

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

VINCENT POTTER, being duly sworn deposes and says:

    I am the plaintiff in the within action; that deponent has read the Complaint and know the contents thereof; that the same is true to deponent's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Dated: New York, New York
         June 2, 2017

_____

Sworn to me on June 2, 2017

_____
Notary Public

HENDRICK VANDAMME
NOTARY PUBLIC-STATE OF NEW YORK
No. 02VA6 250507
Qualified in New York County
My Commission Expires 10/31 2019